IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DR. CARL MOORE, an individual, and )
COLEMAN MOORE, an individual, and )
KIMBERLY CULBRETH, an individual, )
and all of the above named individuals, )
as intestate heirs to the Estate of LINDA )
MOORE, deceased, )
)
    Plaintiffs, )
)
v. ) CIVIL ACTION NO.: 2:07-cv-511-WKW
)
COVINGTON COUNTY )
COMMISSION, as the legislative body )
for the County of Covington, State of )
Alabama, and COVINGTON COUNTY, )
a body corporate organized under the )
laws of the State of Alabama, )
)
    Defendants. )

## NOTICE OF REMOVAL

To the Judges of the United States District Court for the Middle District of Alabama:

Defendant Covington County Commission respectfully states as follows:

A.    An action was commenced against the Covington County Commission and Covington County[1] by the filing of a Verified Complaint (entitled "Notice of Appeal") in the Circuit Court of Covington County, Alabama, entitled "Dr. Carl Moore, et al. v. Covington County Commission, et al.," Civil Action No. CV-07-88. The Summons and Notice of Appeal were served on Defendant Covington County Commission on or about May 11, 2007. In the Notice of Appeal, the Plaintiffs allege a claim for a violation of the Fifth Amendment to the

---

[1] Although Covington County is listed as a Defendant in the Notice of Appeal and in the style of this Notice of Removal, they were not formally served with the Notice of Appeal and for purposes of this Notice of Removal, will not be considered a party to this action.

United States Constitution. (See Notice of Appeal, ¶¶ 24-35). A copy of the Summons and Notice of Appeal served on the Covington County Commission are hereby attached to this Notice of Removal. Defendant Covington County Commission is filing a Motion to Dismiss and Brief in Support of its Motion to Dismiss concurrently with this Notice of Removal.

B.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331. Therefore, this action is one that may be removed to this Court pursuant to 28 U.S.C. § 1441. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367 for all state law claims alleged in the Notice of Appeal.

WHEREFORE, PREMISES CONSIDERED, Defendant Covington County Commission respectfully files this Notice of Removal pursuant to 28 U.S.C. § 1446, removing this action from the Circuit Court of Covington County, Alabama, to the United States District for the Middle District of Alabama.

Respectfully submitted this 11th day of June, 2007.

/s/ C. Richard Hill, Jr.
C. RICHARD HILL, JR. (HIL045)
Attorney for Defendant
Covington County Commission

OF COUNSEL:

Webb & Eley, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124-0909
(334) 262-1850 - Telephone
(334) 262-1772 – Fax
rhill@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of June, 2007, I filed the foregoing with the Clerk of the Court and mailed, postage prepaid, a copy of the same to the following:

Walt M. Merrell, III, Esquire
Merrell, Bryan, Scot & Scott L.L.C.
Post Office Drawer 1007
Andalusia, Alabama 36420

and that I have served the foregoing Notice of Removal by sending a copy of the same via Federal Express, fees paid, upon:

Honorable Roger A. Powell
Circuit Court Clerk
1K North Court Square
Andalusia, Alabama 36420

_____
OF COUNSEL

```
AVSO350                    ALABAMA JUDICIAL DATA CENTER
                                COVINGTON     COUNTY
```



```
                                      SUMMONS
                                                         CV 2007 000088.00
                                                         CHARLES A. SHORT
```

|                IN THE CIRCUIT   COURT OF COVINGTON           COUNTY |
|---|

DR CARL MOORE ET AL VS COVINGTON COUNTY COMMISSION

   SERVE ON: (D001)

   SSN: 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                        PLAINTIFF`S ATTORNEY

   COVINGTON COUNTY COMMISSION             MERRELL WALTER M III
   290 HILLCREST DRIVE                     1 NORTH COURT SQUARE
                                           COVINGTON CO. COURTHOUSE
   ANDALUSIA         ,AL  36420-0000       ANDALUSIA         ,AL  36420-0000

TO THE ABOVE NAMED DEFENDANT:

 THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

(X)  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
     4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
     YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
     COMPLAINT IN THIS ACTION UPON DEFENDANT.

( )  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
     WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
     OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 05/10/2007                        CLERK:ROGER A POWELL
                                              1K NORTH COURT SQUARE
                                              ANDALUSIA    AL   36420
                                              (334)428-2520

   RETURN ON SERVICE:

( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
     (RETURN RECEIPT HERETO ATTACHED)

( )  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
     COMPLAINT TO _____
     IN _____ COUNTY, ALABAMA ON (DATE) _____

_____        _____
DATE                                     SERVER SIGNATURE

_____        _____
SERVER ADDRESS                           TYPE OF PROCESS SERVER

OPERATOR: DES
PREPARED: 05/10/2007



IN THE CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA

DR. CARL MOORE, an individual, and
COLEMAN MOORE, an individual, and
KIMBERLY CULBRETH, an individual,
and all of the above named individuals,
as intestate heirs to the estate of LINDA
MOORE, deceased.

  Petitioners/Plaintiffs,

vs.          CIVIL ACTION NO.: CV-2007-____

COVINGTON COUNTY COMMISSION,
as the legislative body for the County of
Covington, State of Alabama, and
COVINGTON COUNTY, a body
corporate organized under the laws of
the State of Alabama.

  Respondents/Defendants.

FILED IN OFFICE
MAY 09 2007
CLERK

## NOTICE OF APPEAL

Comes now the Petitioners, and gives this Notice of Appeal, pursuant to §23-4-5 of the Code Alabama, of that decision by the Covington County Commission, refusing to vacate that portion of what is referred to by the County as Sims Bridge Road, beginning at the Southernmost property line of the below described real property ... :

> The W1/2 of the W1/2 of the NE ¼ of the SE ¼. Section 1, Township 5, Range 16, lying and being in Covington County, Alabama. Containing 10 acres, more or less.

... and continuing in a Northerly direction until what is referred to as Sims Bridge Road dead ends into the Conecuh River and/or Gantt Lake. All of the said road

1



bed that was requested to be vacated by the Petitioners lies exclusively on the property of your Petitioners. After a properly submitted request to vacate the same, on April 9, 2007 the Covington County Commission voted on to continue its use and maintenance of the roadbed.

## COMPLAINT

## INTRODUCTORY ALLEGATIONS

1. The Plaintiff, Dr. Carl Moore, is a resident of Mobile County, Alabama, and is the widower of Linda Moore.

2. The Plaintiff, Cole Moore, is a resident of Mobile County, Alabama, and a surviving issue of Linda Moore.

3. The Plaintiff, Kimberly Culbreth, is a resident of Mobile County, Alabama, and a surviving issue of Linda Moore.

4. Linda Moore, as referenced herein above, departed this life on May 29, 2006. (Attached hereto as Exhibit A is a copy of Linda Moore's Death Certificate). Linda Moore died intestate. According to the laws of intestate succession, Linda Moore's husband and her two children each have undivided interest in her estate.

5. Linda Moore, during her lifetime, was the sole owner, in fee simple of the following described real property:

> The W1/2 of the W1/2 of the NE ¼ of the SE ¼. Section 1, Township 5, Range 16, lying and being in Covington County, Alabama. Containing 10 acres, more or less.
> (As recorded in Deed Book 955, Page 774, with the Covington County, Alabama Judge of Probate).

6. The Defendant, Covington County, and its legislative arm, the Covington

County Commission, are corporate bodies, organized under the laws of the State of Alabama and situated within the geographic boundaries of the State of Alabama.

7. Venue and jurisdiction are proper.

## COUNT ONE: TRESPASS

1. Prior to the filing of this Complaint, Ray and Doris Barton owned the following described land:

> The W1/2 of the W1/2 of the NE ¼ of the SE ¼. Section 1, Township 5, Range 16, lying and being in Covington County, Alabama. Containing 10 acres, more or less. (Hereinafter, referred to as the Barton-Moore property.)

Ray Barton, deceased, passed the land onto his wife, Doris. Doris, during her life time, deeded the land to her daughter, Linda Moore.

2. Prior to the filing of this Complaint, but not more than 20 years preceding the filing of this Complaint, the Covington County Commission began grading what is referred to by the County as Sims Bridge Road, up and to the point where the said Sims Bridge Road, at that time, dead ends into the Barton-Moore property. Sometime thereafter, Ray Barton gave the Covington County permission to turn road graders around on the Barton-Moore property, but said permission extended only to that limited amount of space that was necessary to turn the graders around. Shortly thereafter, sometime in 1988, the Covington County Commission, and/or its agents and assigns, graded through the Barton-Moore property to a point on Gantt Lake. Said grading followed the path of what was then a private road.

3. Ray Barton erected a gate thereafter to prevent to Covington County Commission, its agents and/or assigns, from entering upon his property thereafter. The Covington

3

County Commission, its agents and/or assigns removed the gate and have continued to grade the road bed ever since.

4. In committing the acts described in paragraphs 1 though 3 above, the Defendants unlawfully entered upon the Barton-Moore property in Covington County, Alabama.

5. As a proximate result of said trespass by the Defendants, the Plaintiff's real estate was damaged and defaced. On information and belief, the Defendant entered upon the Barton-Moore property in an attempt to wrongfully claim and seize the property of the Plaintiffs, rather than the recognized and ancient property line which is and/or was represented by an ancient fence and gate and/or recognized property line with identified corners.

6. Because of the willful and oppressive nature of the Defendant's actions, the Plaintiffs claim punitive damages of the Defendant.

WHEREFORE, Plaintiffs demands judgment against Defendant in an amount in excess of Ten Thousand and no / 100 Dollars ($10,000), plus costs.

## COUNT TWO: ACTION TO QUITE TITLE

5. This action is brought pursuant to the Code of Alabama, 1975, § 6-6-540 et seq.

6. Plaintiffs and/or their predecessors in interest (as identified herein above), have been in, since 1958, in the actual, peaceable, notorious, adverse possession of the following described property, claiming to own the same, being the same property described in the caption to this complaint, and has held and holds color of title to the said lands, being the fee simple interest therein so claimed, for a period of fifty or more consecutive years next preceding the filing of this complaint, and Plaintiffs have duly

assessed and paid ad valorem taxes thereon during Plaintiffs' period of ownership, the description of the property being:

> The W1/2 of the W1/2 of the NE 1/4 of the SE 1/4. Section 1, Township 5, Range 16, lying and being in Covington County, Alabama. Containing 10 acres, more or less.
> (As recorded in Deed Book 955, Page 774, with the Covington County, Alabama Judge of Probate). (hereinafter, referred to as the Barton-Moore property.)

7. That the Defendants herein are the lands herein described and the Covington County Commission and the County of Covington, who are of legal age and organization, and any and all parties, including any persons claiming any present, future, contingent, reversionary, remainder, or other interest therein who may claim any interest in this property. Plaintiffs are not aware of any such persons who make any such claims who are not individually named herein as Defendants.

8. There are no other named Defendants hereto because the Plaintiffs have made diligent inquiry and has not been able to ascertain any other person or persons making claim to or interest in the said lands.

9. The Plaintiffs hold color of title to the above described lands under and by virtue of that deed recorded at Book 955 Page 774 filed of record in the Office of the Judge of Probate, Covington County, Alabama on September 8, 1998 and each and every other conveyance and estate concerning and touching on said property. The Plaintiffs' predecessors in interest, also held color of title to the Barton-Moore property, and said predecessors in interest are the Plaintiffs' ancestors.

10. The Plaintiffs do not know of any person who claims any interest in the above described lands or any part thereof, or lien thereon, or encumbrance thereon, except as alleged in this Complaint.

11. There is no suit pending to test or determine the title to or any interest in, or right of possession of the Plaintiffs in or to the said lands or any part thereof, and that no suit is pending to test or determine any other title to, interest in, or right of possession of the said lands or any part thereof.

WHEREFORE, the premises considered, prays the Court as follows:

(a) that the Court enter a judgment or decree that the Plaintiffs have the entire and undivided fee simple interest in and to said lands with no restrictions thereon; and

(b) that the Court award Plaintiffs such other, further or different relief as may be just and proper.

## COUNT THREE: COMPLAINT FOR ENCROACHMENT

19. Plaintiff is the owner of real property in Covington County, Alabama, particularly described as follows: The W1/2 of the W1/2 of the NE 1/4 of the SE 1/4. Section 1, Township 5, Range 16, lying and being in Covington County, Alabama. Containing 10 acres, more or less. (As recorded in Deed Book 955, Page 774, with the Covington County, Alabama Judge of Probate). (hereinafter, referred to as the Barton-Moore property.)

20. Defendants, its agents and/or its assigns, claim ownership of a road bed that approaches the Barton-Moore property from the South. Said road bed, in part adjoins the Barton-Moore property.

21. At some time prior to the filing of this Complaint, as specified in Count I herein above, Defendants encroached upon the Barton-Moore property for the purpose of constructing and maintaining a road bed, thereby depriving the Plaintiffs of the use of and quiet enjoyment of their property.

22. Plaintiffs have been irreparably harmed.

23. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment granting Plaintiff a temporary restraining order and preliminary injunction requiring Defendant to immediately remove the encroachment from Plaintiff's Property, awarding the Plaintiff a permanent injunction from any further encroachment and interference of the quiet possession and use of the Plaintiff's property, and awarding Plaintiff the costs of this action and such other legal and equitable relief to which Plaintiffs may be entitled.

## COUNT FOUR: VIOLATION OF THE 5th AMENDMENT OF THE U.S. CONSITUTION AND ARTICLE 1, SECTION 23 OF THE ALABAMA CONSTITUTION

24. The Alabama Const. Art. I, Sec. 23. (2007), guarantees as follows:

"That the exercise of the right of eminent domain shall never be abridged nor so construed as to prevent the legislature from taking the property and franchises of incorporated companies, and subjecting them to public use in the same manner in which the property and franchises of individuals are taken and subjected; but private property shall not be taken for, or applied to public use, unless just compensation be first made therefor; nor shall private property be taken for private use, or for the use of corporations, other than municipal, without the consent of the owner; provided, however, the legislature may by law secure to persons or corporations the right of way over the lands of other persons or corporations, and by general laws provide for and regulate the exercise by persons and corporations of the rights herein reserved; but just compensation shall, in all cases, be first made to the owner; and, provided, that the right of eminent domain shall not be so construed as to allow taxation or forced subscription for the benefit of railroads or any other kind of corporations, other than municipal, or for the benefit of any individual or association."

25. The Fifth Amendment to the U.S. Constitution enjoins government from taking private property, noting "nor shall private property be taken for public use, without just compensation."

26. Though the Plaintiffs deny the same, if the Court finds that the road bed in

questions has been adversely possessed, or otherwise taken by the County Commission, the Plaintiffs request just compensation for the same.

## COUNT FIVE: ARBITRARY AND CAPRICIOUS

27. The Covington County Commission is a legislative body and unit of government. That being the case, its actions are subject to review for violation of those measures of protection afforded by the Alabama and United States Constitution.

28. Both the Alabama and the U.S. Constitution afford citizens equal protection under the law.

29. Fairness is the notion underlying the concept of equal protection, and, as such, fairness must be examined when considering how a government treats its citizens. The unfair application of the County's vacation, abandonment and/or occupancy of what it asserts to be a public road violates the private property rights of property owners, including the Plaintiff Class by unfairly subjecting them to a public interference with the use and enjoyment of their private property, while excluding a separate class, referred to herein as the North Side Class, from the same treatment.

30. The County Commission's vote, refusing to vacate that portion of what it refers to as Sims Bridge Road, and by inference, the Commissions affirmation to continually trespass on the Barton-Moore property, and its contrary approach to what the County refers to as Sims Bridge Road, on the North side of Gantt Lake, is inconsistent.

31. What the County refers to as Sims Bridge Road was a route, prior to the building of the Gantt Dam, to travel from the Straughn/Rose Hill area to the Searight area. There was, prior to the 1930s, a bridge, built, upon information and belief, by local

citizens, primarily farmers and residents of the Southern side of what was then the Conecuh River. After the construction of the Gantt Dam, circa 1923, and the resulting flooding of the flood plain to its present size, the Sims Bridge was obsolete, as it no longer completed the objective route. The Bridge was destroyed in a series of floods culminating in total collapse circa 1933.

32. Since the collapse of the bridge, the County has occupied a portion of the road bed lying to the North Side of the Conecuh River, but has abandoned, vacated and/or acknowledged that it never had any ownership interest in that portion of the road that intersects with Gantt Lake. (Attached hereto as Exhibit B to the Complaint is a copy of the most recent tax map, demonstrating that the public road, referred to as Sims Bridge Road, turns private, well before it reaches Gantt Lake.)

33. The disparate treatment by the County Commission, of the North Side Class and the Plaintiff Class, established by the County Commission's action and/or inaction unjustly and unreasonably create a class of property owners who must bear the sole burden of providing access to the public to Gantt Lake. Moreover, said action and/or inaction unjustly and unreasonably create a class of property owners who are deprived of their property rights, while other, similarly situated property owners are spared the same.

34. The disparate treatment is arbitrary, unfair and irrational and there is no rational distinction to be made by the County Commission, as to the disparate treatment.

35. Such disparate treatment is in violation of the Plaintiff class' equal protection rights.

9

WHEREFORE, Plaintiffs demand judgment granting Plaintiff a temporary restraining order and preliminary injunction requiring Defendant to immediately remove the encroachment from Plaintiff's Property, awarding the Plaintiff a permanent injunction from any further encroachment and interference of the quiet possession and use of the Plaintiff's property, and awarding Plaintiff the costs of this action and such other legal and equitable relief to which Plaintiffs may be entitled.

### COUNT SIX: ABANDONEMENT

36. Though the road bed in question has never been a public road, even if the Court found that prior to the bridge collapse, it was a public road, said road has been abandoned by the County and the public.

37. From 1931 up and to the 1980s, the road in question, which at that time was no wider than a lane, was used solely and exclusively for private property purposes by the Plaintiffs and or the Plaintiffs' ancestral predecessors in interest.

38. That being the case, there was a period of nonuse lasting in excess of fifty (50) years.

WHEREFORE, the Plaintiffs demand judgment awarding the Plaintiff a permanent injunction from any further encroachment and interference of the quiet possession and use of the Plaintiff's property, and awarding Plaintiff the costs of this action and such other legal and equitable relief to which Plaintiffs may be entitled.

### COUNT SIX: ABANDONEMENT BY REPLACEMENT

39. Though the road bed in question has never been a public road, even if the Court found that prior to the bridge collapse, it was a public road, said road has been abandoned by the County and the public by replacement.

10

40. The Covington County Commission, in conjunction with the U.S. States government and the Alabama State government, or some combination thereof, constructed a bridge, now known as Dunns Bridge, which crosses Gantt Lake and the Conecuh River just a few nautical miles South of where Sims Bridge once stood. Dunns Bridge now serves as the over the river route for the residence traveling North from Straughn/Rose Hill to Searight.

41. Dunns Bridge, and Dunns Bridge Road replaced the public's use of Sims Bridge and Sims Bridge road. (Thus, the abandonment referenced in Count Five above.)

42. After the completion of Dunns Bridge and Dunns Bridge Road, the use of Sims Bridge and the road bed adjoining the same, despite the fact that the Sims Bridge was in a state of disrepair, was discontinued.

WHEREFORE, the Plaintiffs demand judgment awarding the Plaintiff a permanent injunction from any further encroachment and interference of the quiet possession and use of the Plaintiff's property, and awarding Plaintiff the costs of this action and such other legal and equitable relief to which Plaintiffs may be entitled.

The Plaintiffs specifically reserve the right to amend this Complaint, at any time hereafter, so long as the Court allows the same.

Respectfully submitted this the 9th day of May, 2007.

Walt M. Merrell, III          MER021
Merrell, Bryan, Scot & Scott L.L.C.
P. O. Drawer 1007
Andalusia, Alabama 36420
334-222-8220     Phone
334-222-8233     Fax
walt@mbsslawfirm.com     email

STATE OF ALABAMA        )
COVINGTON COUNTY        )

    BEFORE ME, a Notary Public in and for the State at large, personally appeared Dr. Carl Moore, who being by me first duly sworn, deposes and says on oath that the facts stated in the foregoing Complaint are true and correct.

_____
Affiant

    SWORN TO AND SUBSCRIBED BEFORE ME on this 9th day of May, 2007, witness my hand and official seal of office.

_____
Notary Public

12

This is a true and exact copy of the record on file with the Mobile County Health Department.

Signature of Local Registrar          Date of Issue

# ALABAMA
## CERTIFICATE OF DEATH

No. 191

| | | | | |
|---|---|---|---|---|
| Linda | Badon | MOORE | May 29, 2005 | Mobile |

Mobile 36608                Yes        58 South McGregor Avenue

                No          White                    Female

                            January 17, 1950        XXX-XX-3721 47              No

            Married                  Carl Coleman Moore

    Alabama              Mobile              Mobile 36608

    58 South McGregor Avenue      58 South McGregor Avenue, Mobile, AL 36608

    Housewife

    Alois    Kay    Barton            Doris    Evelyn    Gahr

            May 24, 2005    Pine Crest Cemetery    Mobile, Alabama

                                                    June 1, 2005

    2600 Springhill Road, Tuscaloosa Mobile, Alabama 36608        June 15, 2005

### MEDICAL CERTIFICATION

Metastatic Breast Cancer

DUE TO (OR AS A CONSEQUENCE OF):

DUE TO (OR AS A CONSEQUENCE OF):

DUE TO (OR AS A CONSEQUENCE OF):

EXHIBIT A TO THE COMPLAINT



EXHIBIT B
PAGE 1
TO THE COMPLAINT



EXHIBIT B
PAGE 2
TO THE COMPLAINT