IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. CARL MOORE, an individual, and ) <br> COLEMAN MOORE, an individual, and ) <br> KIMBERLY CULBRETH, an individual, ) <br> and all of the above named individuals, ) <br> as intestate heirs to the Estate of LINDA ) <br> MOORE, deceased, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COVINGTON COUNTY ) <br> COMMISSION, as the legislative body ) <br> for the County of Covington, State of ) <br> Alabama, and COVINGTON COUNTY, ) <br> a body corporate organized under the ) <br> laws of the State of Alabama, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO.: 2:07-CV-511-WKW |

## MEMORANDUM BRIEF IN SUPPORT OF THE
## COVINGTON COUNTY COMMISSION'S MOTION TO DISMISS

COMES NOW the Covington County Commission, Defendant in the above-styled cause, and submits this Brief in Support of its Motion to Dismiss filed contemporaneously herewith. Dismissal is appropriate pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure in that the Plaintiffs' Complaint, and its component parts, separately and severally fail to state a claim against this Defendant upon which relief may be granted.

## INTRODUCTION

The Plaintiffs filed a Complaint on May 9, 2007, asserting various claims against the Defendant. The Plaintiffs contend that:

- Linda Moore died on May 29, 2006, leaving her two children an undivided interest in her estate, which is located in Covington County.

- Beginning in 1988, the Covington County Commission began grading Sims Bridge Road on her property.

- The Plaintiffs requested that the Covington County Commission relinquish its interest in the road dividing the property, and the Commission voted to continue maintaining the road.

- On May 9, 2007, the Plaintiff filed a Notice of Appeal to the Circuit Court of Covington County.

## ARGUMENT

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-6 (1957)). The Plaintiff's Complaint, at least insofar as it relates to these Defendants, contains little more than conclusory allegations that cannot survive a motion to dismiss. See Aquatherm Indus., Inc. v. Florida Power & Light Co., 145 F.3d 1258, 1261 (11th Cir. 1998) (affirming dismissal and approving district court's reasoning that "vague, conclusory allegations are insufficient to state a claim upon which relief can be granted"). "Pleadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted). In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6). Marsh, 268 F.3d at 1036 n.16; see also South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)

<023-cv-00511-WKW-WC    Document 3    Filed 06/11/2007    Page 3 of 6

(noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

I. **THE PLAINTIFFS' FEDERAL ALLEGATIONS FAIL TO STATE ANY ENABLING STATUTE FOR THEIR CLAIMS AND THOSE CLAIMS ARE DUE TO BE DISMISSED BECAUSE THE FEDERAL CONSTITUTION, WITHOUT MORE, IS NOT A SOURCE OF SUBSTANTIVE RIGHTS.**

The Plaintiffs articulate no statutory basis for their purported federal constitutional claims. Normally, 42 U.S.C. § 1983 would be the vehicle for asserting these claims. Section 1983 itself is also not a source of substantive rights but a vehicle for vindicating rights conferred by the United State Constitution. Conversely, averments regarding the United States Constitution are incomplete without implicating § 1983. See Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979); see also Griffin v. City of Clanton, Ala., 932 F. Supp. 1359, 1365 (M.D. Ala. 1996) ("When an individual seeks redress in the courts for a violation of his constitutional rights, he may not sue directly under the United States Constitution. Rather, he must make his claim under 42 U.S.C. § 1983".). In short, one must plead both section 1983 as well as the federal constitutional amendment at issue in order to have a viable claim. Because the Plaintiffs have failed to do this, each of the federal constitutional claims is due to be dismissed.

II. **THE FIFTH AMENDMENT CLAIMS ARE DUE TO BE DISMISSED BECAUSE THE FIFTH AMENDMENT DOES NOT APPLY TO LOCAL GOVERNMENTS**

The Fifth Amendment's Due Process Clause does not apply to state and local governments, but rather applies only to the federal government. See Riley v. Camp, 130 F.3d 958, 990 n.19 (11th Cir. 1997). Therefore, Plaintiffs' due process claims brought pursuant to the Fifth Amendment are due to be dismissed as a matter of law.

III. **THE "ARBITRARY AND CAPRICIOUS" CLAIM IS DUE TO BE DISMISSED BECAUSE IT STANDS FREE OF ANY OTHER LAW AND DOES NOT STATE A COGNIZABLE CLAIM**

Here, there is no relevant statute or constitutional amendment that serves as a basis for the Plaintiffs "arbitrary and capricious" claim. It appears that this claim purports to stand free of any other law. Undersigned counsel requests that this claim be dismissed or that the Plaintiffs file a More Definite Statement.

IV. **ALL CLAIMS AGAINST THE COVINGTON COUNTY COMMISSION ARE DUE TO BE DISMISSED BECAUSE OF THE PLAINTIFFS' FAILURE TO FILE A NOTICE OF CLAIM AS REQUIRED UNDER ALA. CODE § 11-12-8.**

Alabama Code § 11-12-8 requires that, "[a]ll claims against counties must be presented for allowance within twelve months after the time they accrue or become payable, or the same are barred . . . ." Pursuant to Alabama Code § 6-5-20(a), "[a]n action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant." The Alabama Supreme Court has affirmed the mandatory nature of these provisions by holding that an action may not be commenced "against a county until the claim is presented to and disallowed by the county commission." Callens v. Jefferson County Nursing Home, 769 So. 2d 273, 277 (Ala. 2000) quoting Marshall County v. Uptain, 409 So. 2d 423, 425 (Ala. 1981). In fact, the requirement of presenting a notice of claim is a "condition precedent to filing a lawsuit against the county." Callens, 769 So. 2d at 277 citing Williams v. McMillan, 352 So. 2d 1347 (Ala. 1977); see also Chumney v. Houston County, 632 So. 2d 1328 (Ala. 1994) (holding that Ala. Code 1975, § 11-12-8, is actually a statute of nonclaim and not one of limitations and is a condition precedent to the maintenance of an action against the county).

There is no indication in the Complaint, or otherwise, that the Plaintiffs have presented a

notice of claim to the Covington County Commission. Accordingly, the Complaint is due to be dismissed for failure to present its claim to the county commission as required by Alabama law.

V.   **ALL STATE LAW CLAIMS NOT PREVIOUSLY DISCUSSED ARE DUE TO BE DISMISSED BECAUSE THERE IS NO MECHANISM UNDER WHICH THEY MAY BE BROUGHT.**

All claims in the Complaint based on the Alabama State Constitution for monetary damages are due to be dismissed because there is no private right of action for monetary damages based upon the Alabama Constitution. Matthews v. Alabama Agricultural and Mechanical Univ., 787 So. 2d 691, 698. Further, the construction given by the United States Supreme Court to provisions of the federal constitution is persuasive in construing similar state law constitutional provisions. King v. State, 674 So. 2d 1381, 1384 (Ala. Crim. App. 1995). Because the state constitutional provisions cited by the Plaintiffs mirror those cited in the federal constitution, determinations made regarding the federal claims are conclusive as to the state constitutional claims. See Tarter v. James, 667 F.2d 964, 970 (Ala. 1982). As such, any overlap between the two constitutions has been previously discussed in this brief, and such claims are due to be dismissed on the basis of those arguments. Based on the foregoing, the remaining state law claims are due to be dismissed.

VI.   **THE COVINGTON COUNTY COMMISSION IS IMMUNE FROM PUNITIVE DAMAGES.**

It is well settled that local governments are immune from punitive damages under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Wheeler v. City of Pleasant Grove, Alabama, 883 F.2d 267, 271 (11th Cir. 1987); Housing Investors, Inc. v. City of Clanton, Ala., 68 F. Supp. 2d 1287, 1296 (M.D. Ala. 1999) ("The city will therefore remain as a defendant, but, notably, the city is immune from claims for punitive damages."). Further, state law prohibits punitive damages from being awarded against counties and municipalities. See Ala.Code § 6-11-26 ("Punitive damages may not be awarded against the State of Alabama or any county or municipality

thereof, or any agency thereof . . .); Harrelson v. Elmore County, Ala., 859 F. Supp. 1465, 1469 (M.D. Ala. 1994) (applying statute to strike punitive damages claims made under state law). As a result, the Plaintiffs' claims for punitive damages are due to be dismissed

Respectfully submitted this 11th day of June, 2007.

_____
C. RICHARD HILL, JR. (HIL045)
Attorney for Defendant
Covington County Commission

OF COUNSEL:

Webb & Eley, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124-0909
(334) 262-1850 - Telephone
(334) 262-1772 – Fax
rhill@webbeley.com

### CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of June, 2007, I filed the foregoing with the Clerk of the Court and mailed, postage prepaid, a copy of the same to the following:

Walt M. Merrell, III, Esquire
Merrell, Bryan, Scot & Scott L.L.C.
Post Office Drawer 1007
Andalusia, Alabama 36420

and that I have served the foregoing Notice of Removal by sending a copy of the same via Federal Express, fees paid, upon:

Honorable Roger A. Powell
Circuit Court Clerk
1K North Court Square
Andalusia, Alabama 36420

_____
OF COUNSEL