IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. CARL MOORE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-511-WKW |
| ) | |
| COVINGTON COUNTY COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendants' Notice of Removal (Doc. # 1). Recognizing that it is without subject matter jurisdiction to sit in judgment of this case, the court *sua sponte* REMANDS this action to the Circuit Court of Covington County.

**I. FACTS AND PROCEDURAL HISTORY**

On May 9, 2007, Dr. Carl Moore and various heirs to the estate of Linda Moore (collectively referred to as the "plaintiffs") filed their Notice of Appeal of the decision of the Covington County Commission ("Commission") with the Circuit Court of Covington County. The plaintiffs were unhappy with the Commission because it refused to vacate Sims Bridge Road, a property that the plaintiffs claim as their own. The facts underpinning the appeal are of little importance to the merits of the decision of the court to remand this case to the circuit court. However, for purposes of clarity, the most important facts are relayed as follows:

The plaintiffs allege that they own a particular piece of property upon which a road is located in Covington County (the "Barton-Moore property"). They claim agents of the Commission continue to grade the property notwithstanding the plaintiffs' objections. The appeal asserts that "the

Defendants unlawfully entered upon the Barton-Moore property in Covington County, Alabama." (Not. of App. ¶ 4.) At some point, the Commission voted to continue grading the property. In response to the Commission's vote, the plaintiffs filed an appeal alleging trespass, action to quite [sic] title, complaint for encroachment, violation of the Fifth Amendment of the United States Constitution, violation of Article I, Section 23 of the Alabama Constitution, "arbitrary and capricious", abandonement [sic], and abandonement [sic] by replacement. On June 11, 2007, the defendants removed the action to this court under 28 U.S.C. § 1441, contending that this court has jurisdiction because a federal question is involved.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of this Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

## III. DISCUSSION

In the defendants' very brief Notice of Removal, they claim that this action has been properly removed pursuant to federal question jurisdiction, 28 U.S.C. § 1331 because the plaintiffs have alleged a violation of the Fifth Amendment to the United States Constitution, i.e. a Takings claim. For the following reasons, however, the court concludes that the claim is not ripe for adjudication

in this court and is therefore to be REMANDED to the Circuit Court of Covington County for all proceedings.[1]

On the face of the complaint, the Fifth Amendment Takings allegation would arise under the United States Constitution and seemingly would provide a basis for removal based upon federal question jurisdiction; however, the issue is simply not ripe for the court to consider. *See Bickerstaff Clay Products Co., Inc. v. Harris County, Ga.*, 89 F.3d 1481, 1490-1491 (11th Cir. 1996) ("[a] Takings Clause claim does not become ripe unless the state provides no remedy to compensate the landowner for the taking."); *Madison v. Alabama Department of Transportation*, 2007 WL 1412403, No. 2:06-cv-199-WKW (M.D. Ala. May 10, 2007). The Supreme Court of the United States and this Circuit have firmly established that in order for a federal district court to properly review a Fifth Amendment claim, a plaintiff must establish "that the state law provides him no process for obtaining just compensation (such as an action for inverse condemnation) or that the state law appears to provide such process, but due to state court interpretation, the process is inadequate." *Agripost, Inc. v. Miami-Dade County*, 195 F.3d 1225, 1231 (11th Cir. 1999); *Williamson County Region'l Plann'g Commiss'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). If a property owner cannot establish either allegation, and "if such a claim is pending in federal district court, the district court must dismiss it for lack of subject matter jurisdiction since the owner has failed to establish an Article III 'case or controversy.'" *Id.*

---

[1] The court notes that plaintiffs allege "Arbitrary and Capricious" in their Complaint. They state that the Commission violated the equal protection clause of both the United States and Alabama Constitutions. Plaintiffs' allegation, however, is not well-pled on the face of the complaint. Although plaintiffs reference the Equal Protection Clause of the United States Constitution, their action is merely one complaining of the decision of the Commission not to vacate their property. The court is not required to interpret the Equal Protection Clause of the United States Constitution in order to reach a decision on plaintiffs' Takings claim.

Alabama provides an adequate procedure to address condemnation of real property. Case and statutory laws provide that "when the State takes property without initiating a condemnation action and without paying just compensation to the property owner, the property owner has a cause of action for 'inverse condemnation,' by which he can recover just compensation for the taking." *State v. Armstrong*, 779 So. 2d 1211, 1214 (Ala. 2000) (citation omitted). Obviously, there is an adequate remedy under Alabama state law for an aggrieved plaintiff alleging a Takings claim. As such, the plaintiffs in this action must pursue all available state remedies for inverse condemnation before this court can address their Fifth Amendment takings claim as an Article III case or controversy.

The plaintiffs bring their appeal under Alabama Code title 23, chapter 4, section 5, which states the following:

> Any party affected by the vacation of a street, alley, or highway pursuant to this chapter may appeal within 30 days of the decision of the governing body vacating the street *to the circuit court of the county in which the lands are situated*, and upon such appeal, the proceeding shall be tried de novo, either party having the right to demand trial by jury when and as demand is authorized in civil actions. The appeal shall not suspend the effect of the decision of the governing body unless the appealing party shall give bond, with sureties, in an amount to be determined by the circuit judge. From the judgment of the circuit court, an appeal may be taken within 42 days by either party to the Court of Civil Appeals or the Supreme Court in accordance with the Alabama Rules of Appellate Procedure.

Ala. Code § 23-4-5 (1975) (emphasis added). Plaintiffs were careful to couch their appeal pursuant to the terms of the above statute, and for good reason, if they wished their claim to remain in state court. The Alabama Legislature has provided a specific procedure for appeal of the vacation of a street, which culminates in an appeal to the Alabama Court of Civil Appeals or the Supreme Court of the State of Alabama. Based in part on the doctrine of federalism, the United States Supreme

Court has consistently recognized that a federal district court "does not sit to review an appeal action taken administratively or judicially in a state proceeding." *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 581 (1954); *see also Dep't of Transp. & Dev. of La. v. Beaird-Poulan, Inc.*, 449 U.S. 971 (1980) (Rehnquist, J., dissenting). The removal by the defendants is an attempt "to review the state proceedings on appeal to the Federal District Court," in contravention of established appellate procedure provided by Alabama statute. *Id.* Plaintiffs, as masters of their complaint, chose to initiate their action in state court. Additionally, "[a]s has been noted many times before, a suit involving state condemnation of private property is primarily a local matter that is best left to the state courts." *Fountain v. Metropolitan Atlanta Rapid Trans't Auth.*, 678 F.2d 1038, 1046 (11th Cir. 1982).

Because the defendants removed this case to federal court before the plaintiffs could pursue their claims in state court, this court lacks jurisdiction over the adjudication of plaintiffs' appeal of the action of the Commission.

### IV.  CONCLUSION

For the foregoing reasons, defendants have not met their burden of establishing federal question jurisdiction. It is hereby ORDERED that:

1. This case is REMANDED to the Circuit Court of Covington County, Alabama;

2. The Clerk is DIRECTED to take appropriate steps to effect the remand; and

3. Any pending motions are left for resolution by the Circuit Court of Covington County, Alabama.

Done this 18th day of June, 2007.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).